**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

CHARLES BEYER, SR., and
CHARLES BEYER, JR.

       Plaintiffs,

VS.                                                                    No.:

D. MICHAEL NELSON,
MICHAEL J. CRONIN, and
VOLUNTEER TECHNOLOGY
SYSTEMS, INC.

       Defendants.

## COMPLAINT

Comes now the Plaintiffs, by and through counsel, R. Douglas Hanson, II, and King & Ballow, and for their cause of actions against the Defendants would state as follows:

## BACKGROUND

(1)  This cause of action is predicated upon theories of Derivative Action, Tenn. Code Ann. § 48-230-101 et seq., Breach of Contract, Bad Faith Breach of Contract, Breach of Fiduciary Duty, Breach of Duty of Loyalty and Conversion.  Plaintiffs seek damages, a detailed accounting and/or forensic accounting/examination of partnership assets, liabilities and expenses and removal of D. Michael Nelson as a governor by judicial proceeding for engaging in

1

fraudulent or dishonest conduct and/or gross abuse of authority or discretion with respect to the LLC and its members pursuant to Tenn. Code Ann. § 48-239-109(f)(1)(A) & (B).

(2)  Charles Beyer, Sr., executed an Agreement on October 22, 1997.  Nelson, Mathis and Cronin executed this agreement with Beyer to induce Beyer to provide Defendants with start-up capital for Volunteer Technology Systems, LLC.  Beyer agreed to provide/loan $ 150,000.00 to Volunteer Technology Systems, LLC, in exchange for a ¼ Class B Membership Interest in the LLC.  The Agreement further provided that "Class A Membership Interest and Class B Membership Interest shall have equal financial rights."  The Defendants have willfully, wrongfully, and persistently denied Beyer/Plaintiffs equal financial rights.  Nelson and/or Cronin have wrongfully diverted partnership funds and depleted partnership assets in excess of $ 2,313,960.

(3)  The LLC's last salary payment, according to Company records, to Mr. Beyer occurred on June of 28, 2012, but that check has never been sent out as the Company check book balance was negative $ (-63,606.69).  See (Attached, Exhibit # 1).  The LLC's working capital as of July 3, 2012, was negative $ (-211,620.20).  The LLC's negative bank balance and negative working capital is a direct result of Nelson and Cronin's looting, excessive and unauthorized compensation increases and illegal disbursements.  The Defendants then wrongfully (absent vote or amendment to Agreement) expulsed Beyer, refused to pay his salary of $ 41,600, refused to pay accumulated unpaid salary of $ 216,418, wrongfully denied of him at least $ 760,336.68 representing his equal share of the profits, and have apparently utilized the LLC as a personal "piggy bank" paying $ 152,808.00 for personal Insurance and IRAs and $ 241,936 for travel and education.  Nelson and/or Cronin

committed acts of conversion, to the detriment of the LLC and Plaintiffs, and committed

persistent wrongful and material breaches of the October 22, 1997, LLC Member Agreement.


(3)  Beyers made statutory demand pursuant to Tenn. Code Ann. § 48-230-102 dated

September 4, 2012.  See (Attached, Exhibit # 2).  The statutory demand remained open for 20

days from the date of the correspondence.  The LLC then acted in bad faith by refusing to

acknowledge or respond to the § 48-230-102 demand and by filing a declaratory judgment on

September 21, 2012, in Chancery Court prior to expiration of the statutory demand.  See

(Attached, Exhibit # 3).  The Chancery Court declaratory judgment action was directed by the

individuals committing the acts of conversion and looting, Nelson and Cronin, and is largely

predicated upon Nelson and Cronin's failure to comply with requisite formalities mandated by

the operating agreement related to Charles Beyer, Sr.'s, attempt to transfer his interests in the

LLC to his son, Charles Beyer, Jr.


## PARTIES


(4)  The Defendant, Volunteer Technology Systems, LLC, is a Limited Liability Company

organized under the laws of Tennessee with a principal place of business located at 125 Miller

Avenue, Jackson, Tennessee 38305.  Volunteer Technology Systems, LLC's, agent for service of

process is D. Michael Nelson, 390 Hunt Road, Henderson, Tennessee 38340.  Service may also

be perfected through service of LLC's counsel, Ellen Neese, 314 North Market Street, Paris,

Tennessee 38242.

(5)  The Defendant, D. Michael Nelson, is a resident of Henderson, Tennessee and can be served with process at 125 Miller Avenue, Jackson, Tennessee 38305.

(6)  The Defendant, Michael J. Cronin, is a resident of Gibson County, Tennessee, and can be served with process at 125 Miller Avenue, Jackson, Tennessee 38305.

(7)  The Plaintiff, Charles Beyer, Sr., is a resident of San Marcos, California, 92169.

(8)  The Plaintiff, Charles Beyer, Jr., is a resident of St. Augustine, Florida, 32092.

## JURISDICTION

(9)     This cause of action is within the jurisdiction of the Federal District Court pursuant to the provisions of 28 U.S.C. § 1332(a) in that:

(a)  Plaintiffs and Defendants are citizens of different states; and

(b)  The amount in controversy exceeded $75,000.00, exclusive of interests and costs.

## VENUE

(10)     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the alleged events giving rise to the original claim occurred and continue to occur in the

Western District of Tennessee.  Defendants conduct business in this district and/or reside in the Western District of Tennessee.

## BACKGROUND

(11)  Charles Beyer, Sr., D. Michael Nelson, D. Scott Mathis, and Michael J. Cronin signed an Initial Member Agreement on October 22, 1997, to form a limited liability company. See (Attached, Exhibit # 4).  This October 22, 1997, Agreement related to the formation of Volunteer Technology Systems, LLC.

(12)  The Initial Agreement provided for the amount of compensation to be paid to all four (4) initial members.  Nelson was to receive an annual salary of $ 50,000 plus $ 6,000 annual auto allowance.  Mathis was to receive annual compensation of $ 40,000 plus $ 6,000 annual auto allowance.  Cronin was to receive $ 16.00 per hour worked and a company vehicle.  See (Attached, Exhibit # 4).

(13)  Beyer was to receive annual compensation in the amount of $ 41,600 under the October 22, 1997, Member Agreement.  Beyer was also to receive "interest on all and subsequent sums loaned to the company, and shall be entitled to be paid back the entire amount of the principal of said loans."  See (Attached, Exhibit # 4).

(14)  Defendants' execution of the October 22, 1997, Member Agreement induced Beyer to loan Volunteer Technology Systems, LLC, $ 150,000.  The initial loan was $ 30,000 representing start-up capital for the LLC.  Beyer then loaned the LLC $ 120,000 for payment of Nelson, Mathis and Cronin's salaries/compensation during the first eighteen (18) of operation. Beyer also purchased office furniture for the LLC.  See (Attached, Exhibit # 4).

(15)  Nelson, Mathis and Cronin were unable to qualify for loans in 1997 when Volunteer Technology Systems, LLC, was formed so they approached Beyer for a loan and offered him both a salary of $ 41,600 and an equal (1/4) interest in the "financial rights" of Volunteer Technology Systems, LLC, to induce him into providing start-up capital for the LLC.  See (Attached, Exhibit # 4).

(16)  Nelson, Mathis and Cronin each only made $ 1,000 in capital contributions during the start-up phase of Volunteer Technology Systems, LLC.  Absent Beyer's loans of $ 150,000, Volunteer Technology Systems, LLC, would not have been viable and Nelson, Mathis and Cronin would not have been able to receive compensation during the initial eighteen (18) months of operation.  See (Attached, Exhibit # 4).

(17)  Nelson, Mathis and Cronin agreed to pay back Beyer's loan at an interest of "prime rate" "plus Two percent (2%)."  See (Attached, Exhibit # 4).

(18)  Nelson, Mathis and Cronin were designated Class A Members and Beyer a Class B Member.  The October 22, 1997, Agreement provided that "Class A Membership Interest and Class B Membership Interest shall have equal financial rights."  See (Attached, Exhibit # 4).

(19)  The October 22, 1997, Agreement provides that any amendment to the Agreement requires "unanimous vote of all Class A and Class B Members."  See (Attached, Exhibit # 4).

(20)  The October 22, 1997, Agreement provides that "any act which commits the company to pay a debt equal or greater than Ten Thousand dollars ($ 10,000.00)" requires "unanimous vote of all Class A and Class B Members."  See (Attached, Exhibit # 4).

(21)  The October 22, 1997, Agreement provides that Nelson has a one-fourth (1/4) Interest, Mathis has a one-fourth (1/4) Interest, Cronin has a one-fourth (1/4) Interest, and Beyer has a one-fourth (1/4) Interest.  See (Attached, Exhibit # 4).

(22)  The agreement provides for attorney's fees, court costs and reasonable expenses to the prevailing party if legal action is necessary to enforce any provision of the agreement.  See (Attached, Exhibit # 4).

(23)  Volunteer Technology Systems, LLC., owed Beyer $ 7,978.08 in salary for the remainder of 1997 and $ 41,600 in salary in 1998, 1999, 2000, 2001, 2002, and 2003.  Between 1997 and 2003, Nelson represented that the LLC was not operating profitably and unable to meet

salary requirements under the October 22, 1997, Agreement.  Nelson represented that the back
salary would be paid and/or caught up once the LLC was operating profitably.


(24)  Beyer accumulated unpaid salary in the amount of $ 257,578.08 until Volunteer
Technology Systems, LLC, made an unpaid salary reduction payment of $ 31,800 in 2004.  This
$ 31,800 payment in 2004 extinguished the outstanding $ 7,978.08 balance from 1997 and
applied $ 23,821.92 toward the 1998 unpaid salary of $ 41,600.  Beyer still had an accumulated
unpaid salary balance of $ 226,578.08 after the 2004 payment of $ 31,800.


(25)  Volunteer Technology Systems, LLC, and/or Defendants owed Beyer $ 631,978.08
is salaries from October 22, 1997 through 2012.  Volunteer Technology Systems, LLC, and/or
Defendants have paid Beyer $ 415,560 to date for the accumulated back salaries owed since the
inception of the Agreement.


(26)  Defendants still owe Beyer accumulated unpaid salary of in the amount of
$ 236,578.08 comprised as follows:  $ 28,578.08 for 2007 and $ 41,600 for 2008, 2009, 2010,
2011 and 2012.


(27)  Defendants have not complied with the October 22, 1997, Agreement's provision
mandating that Class A Membership and Class B Membership are to share or have equal
financial rights as to the LLC's profits.  <u>See</u> (Attached, Exhibit # 4).

(28)  Nelson and Cronin have breached their fiduciary duties to both, Beyer and Volunteer Technology Systems, LLC, by failing to comply with the terms of the October 22, 1997, Agreement and taking actions to the detriment of both the LLC and Beyer.

(29)  Nelson and Cronin have wrongfully depleted and/or diverted monies from Volunteer Technology Systems, LLC.  These acts violated the October 22, 1997, Agreement and constitute conversion and/or theft from Volunteer Technology Systems, LLC, and Beyer.

## Nelson's Compensation Increases

(30)  In 2003, Nelson raised his compensation from the October 22, 1997, Agreement rate of $ 50,000 to $ 116,752.  This increase in compensation constituted an increase in or agreement to pay company debt in an amount greater than $ 10,000 thereby, requiring "unanimous vote of all Class A and Class B Members."  Beyer was not given the opportunity to vote on Nelson's increase in compensation.  The Operating Agreement was not amended to reflect Nelson's increase in compensation.

(31)  Nelson's increase in compensation constituted an amendment to the Operating Agreement salary of $ 50,000 thereby, mandating "unanimous vote of all Class A and Class B Members."  Beyer was not provided with an opportunity to vote on the increase in Nelson's compensation.  The Operating Agreement was not amended to reflect Nelson's increase in compensation.

(32)  Beyer received $ 0.00 of his $ 41,600 salary in 2003 and Beyer received $ 0.00 of his "equal" share of the profits provided for by the Agreement while Nelson more than doubled his compensation that year.

(33)  Nelson increased his compensation to $ 186,230.00 in 2004.  Beyer received $ 31,800 of the $ 41,600 salary in 2004.  Nelson's compensation increase was not voted on by all Class A and Class B Members in 2004 and the October 22, 1997, Agreement was not amended regarding Nelson's increase in compensation.

(34)  Nelson's compensation has averaged $ 156,000 between 2004 and present.  Nelson also had special draws in the amount of $ 335,150 since 2009.  The special draw amounts is in addition to the average compensation of $ 156,000 Nelson paid himself or diverted from the LLC without proper approval.

(35)  Nelson's increase in compensation has never been voted on or unanimously approved by all Class A and Class B Members.  Nelson taking compensation totaling $ 1,702,973 since 2003 when the October 22, 1997, Agreement provided Nelson only with compensation in the amount of $ 500,000 (for that same time period) constitutes conversion and/or theft in of $ 1,202,973 since 2003.

(36)  Nelson's conversion, excessive and unauthorized increases in compensation and/or illegal distributions has harmed the LLC, has compromised the LLC's ability to timely and appropriately pay creditors and has resulted in a company operating balance of negative ($ - 63,606.69) as of June 28, 2012.

(37)  Nelson and/or Cronin are personally liable to the LLC and/or Beyers for the wrongful distribution pursuant to Tenn. Code Ann. § 48-237-101.

(38)  Beyer received, on average, $ 50,625 per year since 2004 which has not been sufficient to catch Beyer up with back compensation owed.  Nelson, however, continued to convert/divert money from Volunteer Technology Systems, LLC, without paying the LLC's financial obligations under the Operating Agreement.

**<u>Cronin's Compensation Increases</u>**

(39)  Cronin was to be compensated at $ 16.00 an hour for each hour worked pursuant to the Operating Agreement.  Cronin's compensation increased from $ 35,176 in 2003 to $ 84,753 in 2004.  This increase in compensation was not voted on and was not unanimously approved by all Class A and Class and Class B Members and the Operating Agreement was never amended.

(40)  Cronin's compensation increased to $ 141, 825.00 in 2004.  This increase in compensation was not unanimously approved by all Class A and Class B Members and the Operating Agreement was not amended to reflect the increase in compensation.

(41)  Cronin, who was to be paid $ 16.00 per hour under the Operating Agreement, has averaged over $ 115,500 a year since 2004.  This substantial and excessive increase in compensation occurred without any vote or amendment to the Operating Agreement and during which time the LLC was unable to meet its financial obligations to Beyer.

(42)  Cronin's conversion, excessive and unauthorized increases in compensation and/or illegal distributions has harmed the LLC, has compromised the LLC's ability to timely and appropriately pay creditors and has resulted in a company operating balance of negative ($ - 63,606.69) as of June 28, 2012.

(43)  Cronin also had special draws in the amount of $ 263,298 since 2009.  This amount is in addition to his average yearly compensation of $ 115,000 between 2004 and 2011.

(44)  Beyer was never provided the opportunity to vote on Cronin's increases in compensation or his special draws.

(45)  Nelson and/or Cronin are personally liable to the LLC and/or Beyers for the wrongful distribution pursuant to Tenn. Code Ann. § 48-237-101.

## Insurance, IRA or Guaranteed Payment

(46)  Nelson diverted $ 18,468 from Volunteer Technology Systems, LLC, and/or Beyer in 2002 for Insurance or IRA payments.  These expenses or forms of compensation were not provided for in the October 22, 1997, Agreement.  These amounts constituted a company payment of or debt in excess of $ 10,000.  Nelson's diversion of the $ 18,468 was not unanimously approved by all Class A and Class B Members and Beyer was not provided the opportunity to vote on this issue.  The Operating Agreement was never amended or formalized to reflect payment of this debt to Nelson as part of his compensation package.

(47)  Nelson has diverted in excess of $ 151,000 from the LLC to himself under the expense category of Insurance and IRA since 2002 with $ 28,000 being expensed under this category in 2011.  This company expense/debt was not unanimously approved by all Class A and Class B Members.  The Operating Agreement was never amended or formalized to reflect payment of this debt to Nelson as a part of his compensation package.

(48)  Nelson's conversion, excessive and unauthorized compensation and/or illegal distributions has harmed the LLC, has compromised the LLC's ability to timely and

13

appropriately pay creditors and has resulted in a company operating balance of negative

($ - 63,606.69) as of June 28, 2012.


(49)  Nelson and/or Cronin are personally liable to the LLC and/or Beyers for the

wrongful distribution pursuant to Tenn. Code Ann. § 48-237-101.


### Education and Travel


(50)  Nelson and/or Cronin, between 2003 and 2011, diverted from Volunteer Technology

Systems, LLC, and Plaintiffs approximately $ 241,936 under the guise or category of Education

and Travel expenses.  The $ 241,936 includes travel expenses of $ 21,967 in 2005, $ 17,219 in

2006, and $ 16,740 in 2007.


(51)  Nelson and/or Cronin, between 2003 and 2011, diverted from Volunteer Technology

Systems, LLC, and Plaintiffs monies classified under Education expenses in the amount of

$ 28,755 in 2008, $ 29,839 in 2009 and $ 20,575 in 2010.


(52)  The $ 241,936 in travel expenses and education expenses were never unanimously

approved by all Class A and Class B members and appear to be monies from Volunteer

Technology Systems, LLC, that Nelson and/or Cronin utilized for personal and/or family

vacation expenses.  These acts constitute conversion and/or theft and the Operating Agreement

was never amended for formalized to reflect these expenses or debt exceeding $ 10,000.

(53)  Nelson and Cronin's conversion, excessive and unauthorized compensation and/or illegal distributions has harmed the LLC, has compromised the LLC's ability to timely and appropriately pay creditors and has resulted in a company operating balance of negative ($ - 63,606.69) as of June 28, 2012.

(54)  Nelson and/or Cronin are personally liable to the LLC and/or Beyers for the wrongful distribution pursuant to Tenn. Code Ann. § 48-237-101.

(55)  A forensic accounting is necessary to determine the legitimacy of all business expenses and funds Nelson and/or Cronin diverted from Volunteer Technology Systems, LLC, and/or Plaintiffs as it appears that Nelson and/or Cronin were utilizing company funds as their own personal "piggy bank."

## CAUSES OF ACTION

### Derivative Action and/or Damages Pursuant to Tenn.CodeAnn. § 48-230-101 et seq.

(56)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (55) of this Complaint as if each were set forth separately herein.

(57)  Nelson and Cronin have looted or wrongfully diverted approximately $ 2,313,960 from the LLC and placed the LLC in a position where the LLC is unable to meet the financial obligation owed to the LLC's creditors.

(58)  Nelson and Cronin's conversion, excessive and unauthorized compensation and/or illegal distributions has harmed the LLC and/or Plaintiffs and has resulted in a company operating balance of negative $ (-63,606.69) as of June 28, 2012.  The LLC's accounts receivables as of July 3, 2012, were $ 186,982.95, accounts payable, including $ 55,724.53 over 90 days past due and amounts owed to Plaintiffs, totaled $ 398,603.15 resulting in an operating deficit of negative  $ (-211,620.20).  See (Attached, Exhibits ## 1, 5 & 6).

(59)  The LLC and/or Plaintiffs  are entitled to an award of damages, reasonable attorneys' fees and reasonable costs pursuant to Tenn. Code Ann. § 48-230-102 and Nelson and/or Cronin are personally liable to the LLC for the wrongful distribution pursuant to Tenn. Code Ann. § 48-237-101.

**Breach of Contract for Failure to Pay Salary**

(60)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (59) of this Complaint as if each were set forth separately herein.

(61)  The October 22, 1997, Agreement between Beyer and Defendants required Defendants to pay Beyer a salary of $ 41,600.

(62)  Beyer did not receive his $ 41,600 salary between October 22, 1997, and 2003.  This amount comprised $ 7,987.08 for the remainder of 1997 and $ 41,600 for each year between 1998 and 2003.  Beyer was assured that his compensation would be caught up or paid once the LLC was profitable.

(63)  Although Beyer was not paid his salary of $ 41,600 in 2003, Nelson increased his compensation, in violation of the October 22, 1997, Agreement from $ 50,000 to $ 116,752. Cronin received $ 84,753 in 2003 in violation of the October 22, 1997, Agreement setting Cronin's pay at $ 16 an hour per hour worked.

(64)  Beyer was paid $ 31,800 in 2004 to be attributable to accumulated back salary owed. That same year, Nelson again breached the October 22, 1997, Agreement by again raising his compensation to $ 186,230 from the $ 50,000 annual compensation rate set forth in the Operating Agreement.

(65)  Volunteer Technology Systems, LLC, began making payments toward Beyer's accumulated unpaid salary by providing Beyer with yearly payments ranging from $ 31,800 to $ 54,080 a year between tax years 2004 and 2011.

(66)  The following chart depicts Cronin and Nelson's compensation and payments made to Beyer toward reduction of his accumulated unpaid salary:

|  | Contract rate of $ 50,000 | Contract rate of $ 16/hour | Contract rate of $ 41,600 | | | |
|---|---|---|---|---|---|---|
|  | Compensation | | | Special Draws | | |
|  | Nelson | Cronin | Beyer | MN | MC | CB |
| 2002 | $46,877.00 | $35,176.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2003 | $116,752.00 | $84,753.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2004 | $186,230.00 | $141,825.00 | $31,800.00 | $0.00 | $0.00 | $0.00 |
| 2005 | $106,680.00 | $111,020.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2006 | $156,235.00 | $111,120.00 | $49,920.00 | $0.00 | $0.00 | $0.00 |
| 2007 | $184,156.00 | $109,338.00 | $58,240.00 | $0.00 | $0.00 | $0.00 |
| 2008 | $159,315.00 | $107,180.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2009 | $149,824.00 | $111,772.00 | $54,080.00 | $167,575.00 | $131,649.00 | $0.00 |
| 2010 | $154,577.00 | $117,578.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2011 | $154,054.00 | $117,530.00 | $48,880.00 | $0.00 | $0.00 | $0.00 |
| Subtotal | $1,414,700.00 | $1,047,292.00 | $405,160.00 | $167,575.00 | $131,649.00 | $0.00 |
| 2012 J-J | $54,390.00 | $43,140.00 | $10,400.00 | ? | ? | ? |
| Total |  |  |  |  |  |  |

(67)  Nelson and/or Volunteer Technology Systems, LLC, decided to stop making payments, in 2012, toward Beyer's accumulated unpaid salary after paying Beyer $ 10,400 in 2012.  The LLC's last salary payment, according to Company records, to Mr. Beyer occurred on June of 28, 2012, but that check has never been sent out as the Company check book balance was negative ($ - 63,606.69).  <u>See</u> (Attached, Exhibit # 1).

(68)  To date, Beyer has received $ 415,560 toward his total accumulated unpaid salary of $ 631,978.08.  Beyer is still owed $ 216,418.08 which is comprised of a deficiency of 28,578.08 in 2007 and $ 41,600 for 2008, 2009, 2010, 2011 and 2012.

(69)  Defendants are in breach of the October 22, 1997, Agreement for accumulated unpaid salary of $ 216,418.08.

(70)  Plaintiffs have made demands upon Defendants for payment of unpaid salary. Defendants advised that Defendants had "paid enough" and refuse to make any more payments to Plaintiffs pursuant to the October 22, 1997, Agreement.

(71)  Plaintiffs are entitled to damages, costs, attorneys' fees and any other damages provided for by statute or under the Operating Agreement.

(72)  The Court should Order that all money owed Plaintiffs for unpaid salary be held in trust until the issues before this Court are resolved to prevent irreparable harm to Plaintiffs.

**Breach of Contact for Termination of Salary**

(73)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (72) of this Complaint as if each were set forth separately herein.

(74)  Nelson and Cronin's looting, excessive and unauthorized compensation and illegal disbursements placed the LLC in a position to where the LLC was unable to meet its obligations owed to Beyers, including, but not limited to payment of Beyers' salary and allocation of profits.

(75)  The LLC's company ledger reflects a check made out to Beyer for salary on or about June 28, 2012, but that check was never issued due to the negative company ledger balance of ($ - 63,606.69).  See (Attached, Exhibit # 1).

(76)  Defendants unilaterally terminated/expulsed Beyer from the LLC and advised Beyer that Defendants can no longer pay him any past or future salary owed pursuant to the October 22, 1997, Agreement.

(77)  The October 22, 1997, Agreement provides that "the admission or expulsion of a Class A Member or a Class B Member" "must be made by unanimous vote of all Class A and Class B Members."  See (Attached, Exhibit # 5).

(78)  Defendants did not comply with § 2(d)(iv) of the October 22, 1997, Agreement when expulsing Beyer from the LLC.  Beyer was not provided an opportunity to vote on the matter and "[n]o amendment or modification of [the] Agreement shall be valid unless in writing and signed by all parties."

(79)  Beyer was induced on October 22, 1997, to provide $ 150,000 representing start-up capital for Defendants and Defendants utilized this money to pay Nelson and Cronin's salary for the initial eighteen (18) months of operation.  Beyer purchased office furniture for Defendants. Nelson and Cronin could only contribute $ 1,000 each toward start-up costs.

(80)  Beyer complied with the terms and conditions of the October 22, 1997, Agreement; Defendants have operated under this Agreement for 15 years; Defendants repaid Beyer's loans under this agreement; and Defendants paid Beyer a portion of his annual salary of $ 41,600. Nelson and/or Cronin's expulsion of Beyer in June of 2012 was a violation of the Members

Agreement and deprives Charles of future salary of $ 41,600 in addition to future profits shared on an equal basis pursuant to the October 22, 1997, Agreement.

(81)  Beyer is entitled to reinstatement and/or an award of damages, attorneys' fees, costs, future salary and a prorate portion of future profits.

(82)  The Court should Order that all money owed Plaintiffs for past and future salary be held in trust until the issues before this Court are resolved to prevent irreparable harm to Plaintiffs.

## Breach of Contract for Failure to Share Profits Equally

(83)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (82) of this Complaint as if each were set forth separately herein.

(84)  The October 22, 1997, Agreement provided that Beyer shared an equal interest in all profits and/or financial rights.

(85)  Plaintiffs never received an equal share of the LLC's profits.  Based on the October 22, 1997, Agreement Plaintiffs are due $ 760,336.68 as set forth in the chart below.

| | Contract rate of $ 50,000 | Contract rate of $ 16/hour | Contract rate of $ 41,600 | | | |
|---|---|---|---|---|---|---|
| | Compensation | | | Special Draws | | |
| | Nelson | Cronin | Beyer | MN | MC | CB |
| 2002 | $46,877.00 | $35,176.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2003 | $116,752.00 | $84,753.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2004 | $186,230.00 | $141,825.00 | $31,800.00 | $0.00 | $0.00 | $0.00 |
| 2005 | $106,680.00 | $111,020.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2006 | $156,235.00 | $111,120.00 | $49,920.00 | $0.00 | $0.00 | $0.00 |
| 2007 | $184,156.00 | $109,338.00 | $58,240.00 | $0.00 | $0.00 | $0.00 |
| 2008 | $159,315.00 | $107,180.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2009 | $149,824.00 | $111,772.00 | $54,080.00 | $167,575.00 | $131,649.00 | $0.00 |
| 2010 | $154,577.00 | $117,578.00 | $54,080.00 | $0.00 | $0.00 | $0.00 |
| 2011 | $154,054.00 | $117,530.00 | $48,880.00 | $0.00 | $0.00 | $0.00 |
| Subtotal | $1,414,700.00 | $1,047,292.00 | $405,160.00 | $167,575.00 | $131,649.00 | $0.00 |
| 2012 J-J | $54,390.00 | $43,140.00 | $10,400.00 | ? | ? | ? |
| Total Compensation | $ 1,804,240.00 | $ 1,353,730.00 | $ 415,160.00 | $ 3,573,130.00 | | |
| Compensation Due under K | $ 550,000.00 | $ 411,840.00 | $ 457,600.00 | $1,419,440.00 | | |
| | | | | | | |
| Profits at 1/3 | $ 717,896.67 | $ 717,896.67 | $ 717,896.67 | $2,153,690.00 | | |
| Owed or Owe after Profits Split Equally | ($536,343.33) Over Payment to Nelson | ($223,993.33) Over Payment To Cronin | $ 760,336.68 Amount Owed to Beyer | | | |
| Compensation Based on K and 1/3 split Profits | $ 1,267,896.67 | $ 1,129,736.67 | $1,175,496.67 | | | |

(86)  Nelson wrongfully diverted/distributed compensation/monies to himself in violation

the October 22, 1997, Agreement.  His total paid compensation to date exceeds his contract rate

($ 50,000 annually plus an equal or 1/3 share of the profits) by $ 536,343.33.  He has wrongfully

diverted this money from Volunteer Technology Systems, LLC, and Beyer/Plaintiffs.  His

improper taking of this money constitutes conversion and is in breach of contract.

(87)  Cronin wrongfully diverted compensation/monies to himself in violation the October 22, 1997, Agreement.  His total paid compensation to date exceeds his contract rate ($ 16.00 per hour worked plus an equal or 1/3 share of the profits) by $ 223,993.33.  He has wrongfully diverted this money from Volunteer Technology Systems, LLC, and Beyer/Plaintiffs.  His improper taking of this money constitutes conversion and is in breach of contract.

(88)  Plaintiffs are entitled to an award of damages, attorneys' fees, reasonable costs and any other damages permitted by statute of the Operating Agreement.

(89)  Nelson and/or Cronin are personally liable for unlawful distribution pursuant to Tenn. Code Ann. 48-237-101.

### Share of Profits from Improperly Included Expenses

(90)  Nelson and/or Cronin have also wrongfully diverted/distributed and/or illegally used funds for personal use in the amount of $ 152,808.00 for Insurance and IRA that was not unanimously approved by all Class A and Class B Members and not provided for in the October 22, 1997, Agreement.  These monies were wrongfully diverted from Volunteer Technology Systems, LLC, and Beyer/Plaintiff had a right to an equal share or 1/3 of these expenses wrongfully charged to Volunteer Technology Systems, LLC.

(91)  Nelson and/or Cronin have also wrongfully diverted/distributed and/or illegally used funds for personal use in the amount of $ 241,936 for expenses classified as Education and

Travel that was not unanimously approved by all Class A and Class B Members and not provided for in the October 22, 1997, Agreement.  These monies were wrongfully diverted from Volunteer Technology Systems, LLC, and Beyer/Plaintiff had a right to an equal share or 1/3 of these expenses wrongfully charged to Volunteer Technology Systems, LLC.

(92)  Nelson and/or Cronin are personally liable for unlawful distribution pursuant to Tenn. Code Ann. 48-237-101 and those amounts should be redistributed pursuant to the Operating Agreement with Beyer getting 1/3 share of the LLC profits.

(93)  The Insurance/IRA and Education/Travel Expenses are enumerated by year in the following chart.  Plaintiffs are entitled to forensic accounting, paid for by Defendants, to determine the legitimacy of the expenses as proper business expenses.

|  | Insurance and IRA Part Of Guaranteed payments | | | | Educational | Travel |
|---|---|---|---|---|---|---|
|  | MN | SM | MC | CB |  |  |
| 2002 | $6,156.00 | $6,156.00 | $6,156.00 | $0.00 | $0.00 | $7,792.00 |
| 2003 | $3,850.00 | $3,850.00 | $3,850.00 | $0.00 | $2,073.00 | $5,510.00 |
| 2004 | $3,850.00 | $0.00 | $3,850.00 | $0.00 | $2,018.00 | $13,944.00 |
| 2005 | $3,900.00 | $0.00 | $3,900.00 | $0.00 | $5,715.00 | $21,967.00 |
| 2006 | $4,000.00 | $0.00 | $4,000.00 | $0.00 | $1,440.00 | $17,219.00 |
| 2007 | $5,000.00 | $0.00 | $5,000.00 | $0.00 | $15,996.00 | $16,740.00 |
| 2008 | $9,400.00 | $0.00 | $9,400.00 | $0.00 | $28,755.00 | $14,894.00 |
| 2009 | $9,164.00 | $0.00 | $12,452.00 | $0.00 | $29,839.00 | $14,061.00 |
| 2010 | $8,068.00 | $0.00 | $11,258.00 | $0.00 | $20,575.00 | $8,740.00 |
| 2011 | $11,838.00 | $0.00 | $16,710.00 | $0.00 | $5,066.00 | $9,592.00 |
|  |  |  |  |  |  |  |
| Total | $65,226.00 | $10,006.00 | $76,576.00 | $0.00 | $111,477.00 | $130,459.00 |
|  | ? | $0.00 | ? | ? | ? | ? |

(94)  Plaintiffs are entitled to an award of damages, attorneys' fees, reasonable costs and any other damages permitted by statute of the Operating Agreement.

**Breach of Duty of Good Faith and Breach of Loyalty**

(95)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (94) of this Complaint as if each were set forth separately herein.

(96)  Nelson and Cronin failed to prepare, provide or maintain proper financial statements pursuant to Tenn. Code Ann. § 48-228-201.

(97)  Nelson and Cronin failed to and/or refused to provide yearly balance sheets and income statements as mandated by Tenn. Code Ann. § 48-228-201.

(98)  Nelson and Cronin breached Tenn. Code Ann. § 48-228-101 by failing to maintain and provide Mr. Beyer access to the following records:  financial records including income statements and balance sheets pursuant to subsection (a)(6); records of all proceedings of members pursuant to (a)(7); records of all proceedings of the board of governors for the last three (3) years pursuant to subsection (a)(9); and financial information sufficient to provide true and full information regarding the statute of the business and financial condition pursuant to subsection (b)(2).

(99)  Nelson and Cronin refused to provide proper records to Plaintiffs in an effort to conceal their actions of looting the company and making illegal disbursements.

(100)  Nelson and/or Cronin's diversion and/or wrongful distribution of funds from Volunteer Technology Systems, LLC, has resulted in Volunteer Technology Systems, LLC's, inability to pay its debts as they have become due, namely the $ 41,600 annual salary of Charles Beyer in violation of Tenn. Code. Ann. § 48-236-105.

(101)  Nelson and/or Cronin have wrongfully diverted and/or illegally distributed approximately $ 2,313,960 in violation of express contractual provisions contained in the October 22, 1997, Agreement.  The taking of this money in violation of the Member Agreement and/or for personal use breached duties of good faith and loyalty owed to both Volunteer Technology Systems, LLC, and the Beyer/Plaintiffs.  Nelson and/or Cronin are personally liable to the LLC for unlawful distribution pursuant to Tenn. Code Ann. § 48-237-101.

(102)  Plaintiffs made statutory demand upon Nelson, Cronin and the LLC pursuant to Tenn. Code Ann. § 48-230-102, but Nelson and Cronin refused to acknowledge or respond to the statutory demand and directed the filing of a declaratory judgment action in Chancery Court during the pendency of the statutory demand.  This constitutes bad faith and is an action in further harm of the LLC and the Plaintiffs.

(103)  Nelson's conduct and/or Cronin's conduct constitutes a violation of Tenn. Code Ann. § 48-239-115 requirement of "good faith" incumbent upon any individual acting as a

governor of an LLC.  Nelson has further breached his duties to exercise good faith in acting in the best interests of the LLC by diverting and/or distributing monies to himself and placing his own self interests ahead of the LLC's interest.

(104)  Nelson and/or Cronin have breached their duties of good faith and loyalty to uphold the contractual provisions set forth in the October 22, 1997, Agreement and to ensure that any changes to the Agreement are made through proper procedures pursuant to the terms of the Agreement including, but not limited to:  having requisite meetings, maintaining proper records and minutes of the meetings, timely filing all mandatory yearly reports, permitting members to vote on amendments to the Agreement, following the unanimous approval provision governing certain changes to the Agreement, and ensuring that any Amendment to the Agreement is in writing.

(105)  Nelson and/or Cronin have breached the good faith duty owed to other members of the LLC including Beyer/Plaintiffs.  Nelson and/or Cronin have consistently refused to timely pay Beyer's salary of $ 41,600, share profits with Beyer, permit Beyer to participate in voting, timely provide Beyer with documents/proper financials requested by Beyer, and by wrongfully and unilaterally deciding that Plaintiffs will no longer be entitled to receive a salary in 2012, after 15 years, and as the direct result of the LLC's inability to pay Plaintiffs resulting from Nelson and Cronin's looting and illegal distributions.

(106)  Plaintiffs are entitled to damages, treble damages, punitive damages, attorneys' fees, reasonable costs and any other damages permitted by either statute or the Operating Agreement.

## Conversion

(107)  Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (106) of this Complaint as if each were set forth separately herein.

(108)  As detailed in the preceding paragraphs, Nelson and/or Cronin have committed acts of conversion against both the LLC and the Plaintiffs by wrongful appropriation of in excess of $ 2,313,960 for the personal use and benefit of Nelson and/or Cronin.  Both Nelson and Cronin diverted these monies from the LLC, wrongfully took possession of the funds and utilized the funds for their own personal use and benefit and deprived the LLC and Plaintiffs of its/their rights to these funds.

(109)  Plaintiffs are entitled to damages, treble damages, punitive damages, attorneys' fees, reasonable costs and any other damages permitted by either statute or the Operating Agreement.

## Vicarious Liability

(110)  The Plaintiffs adopt, reiterate, incorporate by reference and re-allege each and every allegation contained in ¶¶ (1) through (109) of this Complaint as if each were set forth separately herein.

(111)  Volunteer Technology Systems, LLC, is vicariously liable and jointly and severally liable for the actions and/or omissions of its governors or board members under the doctrine of respondent superior, applicable statutes, and applicable common law.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request as follows:

(1)  That process be issued and that the defendants be required to answer; Plaintiffs be awarded judgment in the amount shown at trial but not less than the following:

> (a)  Accumulated and unpaid salary of $ 216,418.08 which is comprised of a deficiency of 28,578.08 in 2007 and $ 41,600.00 for 2008, 2009, 2010, 2011 and 2012.

> (b)  An equal share of the profits totaling $ 760,336.68 that were wrongfully withheld;

> (c)  An equal share of the monies diverted to improper expenses, including, but not limited to the following:   $ 152,808.00 for Insurance and IRA; and $ 241,936 for Education and Travel;

(d)  Future salary of $ 41,600 in addition to future profits shared on an equal basis pursuant to the October 22, 1997, Agreement;

(d)   Plaintiff requests a forensic accounting, at Defendants' expense, examining liabilities, assets, and expenses to confirm certain questionable expenses and to accurately calculate profits that should have been distributed equally to all Class A and Class B Members;

(e)  All reasonable attorney's fees, costs and expenses;

(f)  Treble damages;

(g)  Pre- and post-judgment interest; and

(h)  Punitive damages in the amount of $ 3,000,000.00 for bad faith breach, intentional conduct, and conversion/theft of funds.

(3)   Plaintiffs request that this Court strike his wrongful and illegal expulsion from the LLC and order reinstatement;

(4)   Plaintiffs request that Nelson be removed as a governor by judicial proceeding for engaging in fraudulent or dishonest conduct and/or gross abuse of authority or discretion with respect to the LLC and its members pursuant to Tenn. Code Ann. § 48-239-109(f)(1)(A) & (B);

(5)   That the Court enter an Order directing that all unpaid back salary owed Plaintiffs' be held in trust until resolution of the issues now before this Court as Plaintiffs will likely suffer irreparable harm if this money is not held in trust.

(6)   That the costs of this cause be assessed against the defendants;

(7)   That all plaintiffs be granted such other general relief which this Court may deem appropriate; and

(8)   That this cause of action be tried before a jury.

Respectfully submitted,

KING & BALLOW

By: /s/R. Douglas Hanson, II
R. Douglas Hanson, II, BPR 017387
dhanson@kingballow.com

Attorney for Charles Beyer, Sr., and Charles Beyer, Jr.
1100 Union Street Plaza
315 Union Street
Suite 1100
Nashville, Tennessee 37201
Tel: (615) 259-3456
Fax: (615) 726-5464